UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAD HATTEN,<br><br>   Petitioner,<br><br>v.<br><br>RICARDO RIOS,<br><br>   Respondent. | Civil No. 09-454 (JRT/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas, which is brought under 28 U.S.C. § 2241.  (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

### I.  BACKGROUND

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon, ("FCI-Sheridan").  He was previously incarcerated at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca").

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at 2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

In March 2008, Petitioner was accused of violating prison regulations, because he used "foul language" in the presence of a prison official at FCI-Waseca. A hearing on the matter was conducted, and Petitioner was found guilty of "insolence." Some form of disciplinary sanctions were imposed on Petitioner, but he has not disclosed the nature of those sanctions. Petitioner is now seeking a writ of habeas corpus that would "expunge" the guilty finding and sanctions from his prison record. The Court finds, however, that Petitioner's habeas corpus petition cannot be entertained in this District.

**II.    DISCUSSION**

A federal district court cannot entertain a habeas corpus petition filed by a federal prisoner, if neither the petitioner, nor his custodian, is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, neither Petitioner nor his current custodian, the Warden at FCI-Sheridan, is presently located in Minnesota. Therefore, the Minnesota District Court cannot exercise jurisdiction in this matter. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

The only remaining question is whether this action should be dismissed, or whether it should be transferred to the district in which Petitioner and his custodian are presently located – namely the District of Oregon, where FCI-Sheridan is located. Under different

circumstances this matter might be transferred to the district where Petitioner is confined, pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction").  That will not be recommended here, however, because it appears doubtful that Petitioner can pursue his current claims for relief by means of a habeas corpus petition in <u>any</u> District.

The federal habeas corpus statutes provide a remedy for prisoners challenging the fact or duration of their confinement -- not the conditions of their confinement.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973); <u>Otey v. Hopkins</u>, 5 F.3d 1125, 1130-31 (8th Cir. 1993), <u>cert</u>. <u>denied</u>, 512 U.S. 1246 (1994).  As our Court of Appeals has clearly explained –

> "<u>If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy</u>.  [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

<u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (emphasis added).[2]

In this case, it is unclear whether Petitioner is challenging the duration of his confinement, or whether he is challenging only the conditions of his confinement.  If the disciplinary sanctions at issue included a loss of good time credits, or some other punishment that has actually extended the term of Petitioner's imprisonment, then a habeas corpus would indeed be the proper remedy for Petitioner's current claims.  If Petitioner really is challenging the fact or duration of his confinement, then he will have to file a new

---

[2] Petitioner is well acquainted with this rule, because he previously tried to file a habeas corpus petition in this District when he was still incarcerated at FCI-Waseca, and his petition was summarily rejected, because it was clear that he was not challenging the fact or duration of his confinement.  <u>Hatten v. United States</u>, Civil No. 08-865 (JRT/SRN), (Order dated March 31, 2008, [Docket No. 4]).

habeas corpus petition in the district where he is now confined – i.e., the District of Oregon.

However, Petitioner has not expressly alleged that he is now challenging the fact or duration of his confinement. To the contrary, it appears that Petitioner is seeking an order that would merely modify his prison disciplinary record, and thereby improve the <u>conditions</u> of his confinement. Because Petitioner appears to be challenging only the conditions of his confinement, (not the fact or duration of his confinement), and such claims cannot be raised and decided in a habeas corpus action, the Court finds that it would not be appropriate to transfer the present habeas action to another district.

Again, if Petitioner actually is challenging the fact or duration of his confinement, (even though he has not said that), he can attempt to bring a new habeas corpus action in the proper district – i.e., the district where he is currently confined. If, on the other hand, Petitioner is challenging only the conditions of his confinement, (which appears to be the case), he will have to pursue his claims by some means other than a habeas corpus petition – presumably a non-habeas civil complaint.[3]

---

[3] The current habeas corpus petition will not be construed to be a civil complaint, and entertained as such, for several reasons. First, if Petitioner really is attempting to challenge the fact or duration of his confinement, (even though that does not appear to be the case), then – as noted in the text – his claims should be presented in a habeas petition filed in the District where he is confined. Second, if Petitioner does intend to seek relief by means of a non-habeas civil complaint, he will be subject to the filing fee rules prescribed by the Prison Litigation Reform Act. (<u>See</u> 28 U.S.C. § 1915(b).) Finally, Petitioner's current pleading simply does not state any actionable civil claim for relief against the named respondent. If Petitioner decides to pursue a non-habeas civil remedy, he will have to file a civil complaint that (a) clearly identifies who he is attempting to sue, and (b) sets forth the factual and legal bases for his claims in the manner prescribed by Rules 8-11 of the Federal Rules of Civil Procedure. He will also have to comply with the applicable filing fee requirements prescribed by the Prison Litigation Reform Act.

### III. CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this District, because neither Petitioner, nor his custodian, is currently located in this District. The Court further finds that it would not be appropriate to transfer this action to the district where Petitioner is now confined, because it appears that the relief Petitioner is seeking is not available by means of a habeas corpus action in any district. Thus, the Court will recommend that this action should <u>not</u> be transferred, but should instead be summarily dismissed for lack of jurisdiction.

Finally, having determined that this action should be dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application for leave to proceed <u>in forma pauperis</u>, ("IFP"), be summarily denied. <u>See</u> <u>Kruger</u>, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's motion for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED for lack of jurisdiction.

Dated: February 27, 2009

                                               s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 16, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the

basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.